ELLSWORTH *et al. v.* HENSHALL.

Where a store-house and the goods therein were in possession of the sheriff, by virtue of a writ of attachment ; and where the attachment defendant instituted an action of replevin, and in the writ and petition described the property as being "a certain storehouse, warehouse, and the goods therein contained, being the store in Council Bluffs, known and designated as the store of your petitioner ;" held' that the description was sufficiently certain.

If a store containing the goods to be replevied, is so described as to designate it from all other stores in the place, it is sufficient.

It is error to overrule an application for a change of venue, merely on the ground that it was not sworn to by the party himself. Such application may be sworn to by the attorney of the party applying, or by any other person.

*Appeal from Potawatomie District Court.*

*Opinion by* GREENE, J. An action of replevin by Thomas Henshall against Egbert Ellsworth, sheriff, and T.

G. Stewart. The writ and petition discribe the property replevied as being: " a certain store house—ware house—and the goods therein contained, being the store in Council Bluffs, in said state and county, and known and designated as the store of your petitioner," &c. A motion made to quash the writ, and a demurrer to the petition, on the ground of defective and uncertain description, were overruled. It is now urged that the court erred in thus deciding the description of property to be sufficiently certain. If the store house is so described as to enable the sheriff or coroner to identify it from other store houses in the place, it is sufficient. It is referred to as the store of the petitioner, and it being the only store the petitioner had in the place, it could not be mistaken for another. Besides, it appears by the petition that the very store and goods, referred to were in possession of the sheriff by virtue of an attachment, thus rendering the identity more certain. The store being sufficiently identified, there could be no mistake about the goods for the discription embraced all the goods within the store. This we consider sufficiently specific. It furnished an unmistakable guide to the officer, who shows by his returns that he had no difficulty in finding the property described. As the petition and writ contained such a description of the property as enabled the officers to distinguish it from all other property of a like nature, we think the motion to quash, and the demurrer were correctly overruled.

2. The final refusal of the court to grant a change of venue, is also urged as error. It appears, that a motion for a change of venue was first granted, and on a rehearing was overruled. The application for the change, was, it seems, sworn to by the attorney, and not by the party himself, and it was for this reason refused. The Code provides, that a change of venue may be had " when either party files an affidavit" &c. An affidavit is necessary; but it does not follow that the party himself must make the affidavit. Certain facts must be sworn to ; may not those

Ellsworth *v.* Henshall.

facts be as well proved by the affidavit of an attorney, or any other disinterested witness, as by the party himself? It is not because the party himself swears, that the change is called for, but because certain prejudices or influences exist which might preclude an impartial trial. An attorney or third party, might understand those prejudices and influences, better than the party himself, and if so, his affidavit should be more satisfactory. Besides, if by construction, we should require such affidavits to be filed exclusively by the party himself, it would exclude non-resident and absent, sick and incompetent parties from the right of having the venue changed. We therefore conclude that the court erred in overruling the application.

Order reversed.

*C. E. Stone*, for appellants.

*Clarke* and *Starr*, for appellee.